**Terry WISEMAN d/b/a Wiseman's Auto Ranch, Appellant-Defendant,**

**v.**

**WOLFE'S TERRE HAUTE AUTO AUC-TION, INC., Appellee-Plaintiff.**

No. 4–883A277.

Court of Appeals of Indiana, Fourth District.

Feb. 14, 1984.

Rehearing Denied March 26, 1984.

Robert F. Hellmann, Hellmann & Cook, Terre Haute, for appellant-defendant.

Augustus H. Tabor, Tabor & Dees, Terre Haute, for appellee-plaintiff.

CONOVER, Presiding Judge.

Terry Wiseman d/b/a Wiseman's Auto Ranch (Wiseman) appeals the Vigo Superior Court's judgment following a bench trial awarding Wolfe's Terre Haute Auto Auction, Inc. (Wolfe) damages for breach of warranties.

We affirm.

ISSUE [1]

Did Wiseman create an express warranty by saying the truck was "road ready"?

---

**1.** Wiseman also challenges the trial court's finding it was a merchant, thereby giving rise to implied warranties. We do not address that issue because the trial court's damage award need only be supported by one theory of breach of warranty, in this case the express warranty theory. *Fort Wayne Patrolman's Benevolent Ass'n, Inc. v. City of Fort Wayne,* (1980) Ind. App., 411 N.E.2d 630, 631; *Daugherty v. Daugherty,* (1947) 118 Ind.App. 141, 144–45, 75 N.E.2d 427, 429.

## FACTS

Wolfe purchased a diesel truck from Wiseman. During negotiations for the purchase, Wiseman repeatedly referred to the truck as "road ready." Approximately two weeks after the sale, the truck ceased functioning because of a cracked engine block. Wolfe sued Wiseman for breach of express and implied warranties. After a bench trial, the court awarded damages to Wolfe, finding Wiseman breached express and implied warranties.[2]

## DISCUSSION AND DECISION

■ Whether oral assertions amounted to express warranties and whether a buyer relied on these assertions are questions reserved for the trier of fact. *Art Hill, Inc. v. Heckler*, (1983) Ind.App., 457 N.E.2d 242, 244–45; *Woodruff v. Clark County Farm Bureau Coop. Assn.*, (1972) 153 Ind.App. 31, 50–51, 286 N.E.2d 188, 199; *Royal Business Machines v. Lorraine Corp.*, (7th Cir.1980) 633 F.2d 34, 43 (applying Indiana law). The trial court here determined Wiseman's assertions created an express warranty and Wolfe relied thereon. We will not overturn those factual determinations unless we find them to be clearly erroneous. Ind.Rules of Procedure, Trial Rule 52(A). We will not hold them clearly erroneous unless the evidence contains no facts or reasonable inferences supporting the findings. *Burnett v. Heckelman*, (1983) Ind.App., 456 N.E.2d 1094, 1097; *Mishawaka Brass Mfg. v. Milwaukee Valve Co.*, (1983) Ind.App., 444 N.E.2d 855, 857. We hold the facts and reasonable inferences support the trial court's finding of an express warranty.

This case is analogous to *Kemp v. Mays*, (1920) 73 Ind.App. 214, 127 N.E. 156, where this court held a seller's statement the hogs being sold were "all right" supported the jury's finding an express warranty was created. The court set out the context in which the statement occurred:

> Appellee testified that in a conversation with one of the appellants, they being partners, appellee said that he did not want to buy cholera hogs or anything like that; that he was afraid to buy out of the stock pens, to which said appellant replied: "There is no hog cholera in the country that I know of, and the pigs are all right."

*Id.* at 215, 127 N.E. at 156. The court held this to be some evidence on the jury question of whether an express warranty was created. *Id.* Such evidence supported the jury's verdict. *Id.* at 216, 127 N.E. at 156. *Cf., Art Hill, Inc., supra.*

The facts here show Wiseman repeatedly referred to the truck as "road ready." At least one of those references occurred in the following context:

> ... "Terry [Wiseman] you know I [Wolfe] bought a truck off of you in 1978, a '71 International and you've never heard nothing [sic] from me" but I said "the engine went out of it about three months after I had it, and I said I don't want to buy this truck if there is anything wrong with it mechanically". I said "I'm buying it to put on the road." He said "the truck is road ready".....

Although Wiseman argues his statement was merely an expression of an opinion and not an affirmation of fact, the trial court

**2.** Indiana's version of the UCC defines express warranties, in part, as follows:

(1) Express warranties by the seller are created as follows:

(a) any affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain creates an express warranty that the goods shall conform to the affirmation or promise.

(b) any description of the goods which is made part of the basis of the bargain creates an express warranty that the goods shall conform to the description.

\* \* \* \* \* \*

(2) It is not necessary to the creation of an express warranty that the seller use formal words such as "warrant" or "guarantee" or that he have a specific intention to make a warranty, but an affirmation merely of the value of the goods or a statement purporting to be merely the seller's opinion or commendation of the goods does not create a warranty.

IND.CODE 26–1–2–313.

disagreed holding it to have been an express affirmation of fact essential to the consumation of the sale. We agree.

Affirmed.

MILLER and YOUNG, JJ., concur.