OPINION OF THE COURT
Memorandum.
The judgment of Supreme Court, Monroe County, should be affirmed, with costs.
In Foss v City of Rochester (65 NY2d 247), this court held that Real Property Tax Law article 19 and Rochester Local Law No. 6 of 1983 violated the equal protection clauses of the Federal and State Constitutions because, as applied to county taxes, they established arbitrary and invidious distinctions between nonhomestead property in Rochester and similarly situated properties in other parts of Monroe County. In response to this decision, the Legislature enácted Real Property Tax Law article 19-A by Laws of 1985 (ch 828) which simply shifted the responsibility for calculating the tax rate or rates and levying the tax on individual properties from the county to the cities and towns. The constitutional deficiency identified and explained in Foss has not, however, been cured by this legislation. The imposition of demonstrably different county tax burdens, solely by reason of geographic location, continues unabated pursuant to chapter 828. Article 19-A makes no effort to provide interjurisdictional equality between taxpayers in different assessing units. (Foss v City of Rochester, 65 NY2d 247, 258-259, supra.) Absent such legislative effort, our recent decision in Foss, which under traditional principles of stare decisis is binding upon each member of this court, compels a declaration that Real Property Tax Law article 19-A contravenes the equal protection clauses of the Federal and State Constitutions.
*874 Chief Judge Wachtler and Judges Jasen, Meyer, Simons, Kaye, Alexander and Titone concur.
Judgment affirmed, with costs, in a memorandum.