■ SAMUEL D. VERGA et al., Respondents, v TOWN OF CLARKSTOWN, Appellant, et al., Defendant.—In a declaratory judgment action, defendant Town of Clarkstown appeals from an order of the Supreme Court, Rockland County (Stolarik, J.), entered August 19, 1985, which, *inter alia,* granted plaintiffs' motion for a preliminary injunction and directed the Town of Clarkstown to assess all property within said town at full market value.

Order modified, on the law, by (1) deleting from the third decretal paragraph thereof the words "at full market value" and substituting therefor the following: "in accordance with Real Property Tax Law § 305", and (2) adding a provision requiring plaintiffs to post an undertaking pursuant to CPLR 6312 (b). As so modified, order affirmed, without costs or disbursements, and matter remitted to the Supreme Court, Rockland County, to fix the amount of the undertaking.

Plaintiffs, the owners of single-family condominium units located in the Town of Clarkstown, County of Rockland, commenced the instant action against the Town of Clarkstown and the County of Rockland, seeking a judgment declaring Real Property Tax Law article 19 and § 305 unconstitutional and void "because they permit similarly situated properties to

be taxed unequally". Plaintiffs alleged that since some, but not all, of the towns comprising Rockland County adopted article 19, condominiums in assessing units which did adopt article 19 were being assessed at a different value, and thus paying a different amount of county tax, than similarly situated property in assessing units which have chosen not to adopt article 19. This is by virtue of the fact that the protective ceiling placed on the aggregate assessment value of condominium units by Real Property Law § 339-y (1) (b) is not available to condominiums located within assessing units that have adopted article 19 (Real Property Tax Law § 339-y [1] [d]). By order to show cause plaintiffs sought an order preliminarily enjoining defendants from using article 19 and directing the Town of Clarkstown to assess all the property within its borders at full market value. After concluding that plaintiffs demonstrated an overwhelming likelihood of success on the merits, irreparable harm, and that the equities balance in their favor, Special Term granted plaintiffs the preliminary injunctive relief requested.

In light of the recent Court of Appeals decisions in *Foss v City of Rochester* (65 NY2d 247) and *Foss v City of Rochester* (66 NY2d 872), we agree with Special Term's conclusion that plaintiffs are entitled to preliminary injunctive relief. However, they are not entitled to an order directing defendant Town of Clarkstown to assess all the property located therein at full market value. Such assessment is not required under the Real Property Tax Law *(see,* Real Property Tax Law § 305 [2]), nor is it required at bar to prevent plaintiffs from being irreparably harmed. There is, therefore, no basis for Special Term's direction to that effect and we have modified its order accordingly.

Further, pursuant to CPLR 6312 (b), plaintiffs are required to post an undertaking. Gibbons, J. P., Thompson, Weinstein and Niehoff, JJ., concur.