Thomas E. ALTWIES, Appellant,

v.

Marsha A. ALTWIES, Appellee.

No. 2–1285–A–379.

Court of Appeals of Indiana,
Second District.

July 23, 1986.

Robert S. Rifkin, Indianapolis, for appellant.

John S. Pearce and Michael A. Howard, Pearce & Howard, Noblesville, for appellee.

SULLIVAN, Judge.

On June 10, 1985, Thomas E. Altwies sought to be relieved of a prior order requiring him to pay $100 per week to Marsha A. Altwies, the custodial parent, for support of their daughter, Jeanine C. Altwies. In his petition, the father correctly asserted that Jeanine had reached the age of 21 on March 29, 1985.

The father acknowledges his continuing obligation to pay for Jeanine's college educational needs as specifically ordered by the trial court. The mother, however, asserts that the specifics of the prior court order concerning payment of "tuition, room and board, books and lab fee expenses" (Record at 19) are not adequate to cover the educational needs of Jeanine as contemplated as a continuing obligation notwithstanding the child's emancipation. I.C. 31–1–11.5–12[1] (Burns Code Ed. Supp. 1986).

What precise items of expense may or may not be includable within the educational needs of a child over the age of 21 as contemplated by the General Assembly is not the issue before us. The issue is whether after a child is emancipated, a general support order may continue to be enforced in addition to a separate order for payment of specific expenses of a college education. Our answer to this question is in the negative.

The general support duty pursuant to I.C. 31–1–11.5–12(a) includes a consideration of the educational needs of the child. *Howard v. Reeck* (1982) 2d Dist., Ind.App., 439 N.E.2d 727. Subsection (b) of the statute, however, provides for additional discretionary sums for "education in elementary and secondary schools and at

---

[1] The pertinent provisions of the statute are as follows:

"[T]he court may order either parent or both parents to pay any amount reasonable for support of a child, without regard to marital misconduct after considering all relevant factors including:

       \*    \*    \*    \*    \*    \*

(3) physical or mental condition of the child and his educational needs;

       \*    \*    \*    \*    \*    \*

(b) Such child support order may also include, where appropriate:

(1) sums for the child's education in elementary and secondary schools and at institutions of higher learning, taking into account the child's aptitude and ability and the ability of the parent or parents to meet these expenses;

     \*    \*    \*    \*    \*    \*

(d) The duty to support a child under this chapter ceases when the child reaches his twenty-first birthday unless:

(1) the child is emancipated prior to his twenty-first birthday in which case the child support, except for the educational needs outlined in subsection (b)(1), terminates at the time of emancipation; however, an order for educational needs may continue in effect until further order of the court;"

institutions of higher learning." It is this latter support amount which may continue beyond the child's emancipation. I.C. 31–1–11.5–12(d)(1).

We hold that the educational needs of a child over the age of 21 appropriately fall within the more specific provisions of I.C. 31–1–11.5–12(b)(1) rather than within the general contemplation of I.C. 31–1–11.-5–12(a)(3). *See Giselbach v. Giselbach* (1985) 2d Dist., Ind.App., 481 N.E.2d 131.

This holding does not conflict with the recent decision of our Supreme Court in *Martin v. Martin* (1986) Ind., 495 N.E.2d 523, which held that a general support order "for educational needs" might be continued beyond the child's 21st birthday in the form of a specific (b)(3) order. In *Martin,* there was not a specific order for educational needs. It was therefore understandable that our Supreme Court saw fit to assure that there was some way to protect the child's continuing education. In the case before us, the child's educational needs are protected by the specific order which relates to the higher education needs and which is subject to modification if those needs change.

The governing principle in this case, however, is that the general duty of support terminated when Jeanine reached the age of 21. *Olson v. Olson* (1983) 2d Dist., Ind.App., 445 N.E.2d 1386. The trial court erred in refusing to terminate that general order of support.

The judgment is reversed and the cause remanded for such further proceedings as may be consistent with this opinion.[2]

BUCHANAN, C.J., and SHIELDS, J., concur.

---

2. We do not presume to set forth an exhaustive checklist of those items which do and those which do not fall within the scope of "educational needs;" nor do we presume even to suggest expenses which may or may not be found to fall within the classification. That prerogative, in the first instance, lies most appropriately with the trial court. Any determination in this regard would, of course, be subject to judicial review for abuse of discretion.