**Gene W. BOWMAN, Appellant (Plaintiff Below),**

v.

**Waneta J. BOWMAN, Appellee (Defendant Below).**

No. 85A02–9001–CV–34.[1]

Court of Appeals of Indiana, First District.

March 6, 1991.

---

1. This case was reassigned to this office on January 2, 1991.

Alfred H. Plummer, III, Wabash, for appellant.

2. This provision was clarified by a later agreement. However, the clarification does not im-

R.P. Fisher, Wabash, for appellee.

ROBERTSON, Judge.

Gene W. Bowman appeals the trial court's dismissal of his action to modify a provision for spousal maintenance in the agreement/decree dissolving his marriage to Waneta J. Bowman. We affirm.

## FACTS

Gene and Waneta entered into a property settlement agreement which was incorporated and merged into their divorce decree entered November 6, 1978. The portion of the agreement pertinent to these proceedings reads as follows:

4. The Wife shall be declared the separate owner of the residence on State Road Number 124, in Wabash County, State of Indiana, and Husband shall execute a Quitclaim Deed to convey said residence to the Wife. That the Husband shall pay for said mortgage on said real estate payable to First Federal Savings and Loan Association of Marion, Indiana, and hold the Wife harmless thereon. That the payment of said mortgage constitutes support of said Wife in that the Wife is physically incapacitated to the extent that the ability to support herself is materially affected, *it being understood that this obligation shall not in any way be modified.*[2] (Emphasis added)

Gene brought the present action seeking to modify the above provision. He alleges a change of circumstances in that Waneta has recovered from her disability, has remarried, and is now capable of supporting herself.

## DECISION

The trial court dismissed Gene's complaint pursuant to Ind.Trial Rule 12(B)(6).

pact our decision.

In doing so, the trial court found the above provision was binding upon the parties and therefore not subject to modification.

■ The purpose of a T.R. 12(B)(6) motion to dismiss is to test the legal sufficiency of the complaint to state a redressable claim. *Smith v. Smith* (1989), Ind. App., 547 N.E.2d 297. Thus the motion is properly utilized to test the legal sufficiency of the complaint, or stated differently, to test the law of the claim, not the facts that support it. *Id.* We review a T.R. 12(B)(6) dismissal to determine whether plaintiff's complaint stated any set of allegations upon which the trial court below could have granted relief. *Id.*

Gene argues that a provision for spousal maintenance is subject to modification whether it is based upon the decree of the court or upon the agreement of the parties. *Pfenninger v. Pfenninger* (1984), Ind.App., 463 N.E.2d 1115. A child support order and a maintenance award are both subject to modification upon a showing of a change of conditions so substantial and continuing as to make terms unreasonable; that the award was entered as result of agreement by the parties is of no moment and does not deprive the parties of the right to seek a modification. *Id.*

Gene relies on our supreme court's decision in *Meehan v. Meehan* (1981), Ind., 425 N.E.2d 157. In *Meehan*, the parties were divorced pursuant to a settlement agreement. This agreement provided for child support and expressly stated that it was not subject to modification. Our supreme court held that the child support order was subject to modification in spite of the provision that the order could not be modified. The supreme court's rationale for this holding was that IND.CODE 31–1–11.5–17(a) provides that child support orders are subject to modification. Therefore, held the court, the provision in the settlement agreement prohibiting modification contravened statutory law and could not be enforced. *Id.*

■ Gene points out correctly that orders for spousal maintenance are also subject to modification under I.C. 31–1–11.5–17(a). Therefore, Gene reasons, under the law of *Meehan,* the provision in Gene's and Waneta's agreement that prohibits the modification of the support order contravenes statutory law and is unenforceable.

We disagree. The present case is distinguishable from *Meehan.* First of all, I.C. 31–1–11.5–17(a) provides that an order for maintenance under 31–1–11.5–9(c) may be modified. IND.CODE 31–1–11.5–9(c) provides that the court may order spousal maintenance in a final decree after making the findings required under I.C. 31–1–11.5–11(e) which provides that the court may order spousal maintenance *if the court finds* that a spouse is physically or mentally incapacitated to the extent that the ability of the incapacitated spouse to support herself is materially affected.

By its terms, I.C. 31–1–11.5–17(a) only applies to authorize the modification of an award of spousal maintenance made upon a trial court's finding of incapacitation. It does not authorize the modification of awards of spousal maintenance predicated upon an agreement of the parties.

■ Moreover, it is well settled that divorcing spouses have more flexibility in crafting their own property settlements than do divorce courts. *Smith, supra.* A trial court may order spousal maintenance only after a showing of incapacitation. *Id.* However, divorcing spouses crafting their own agreements may provide for maintenance without such a showing. *Id.* Therefore it follows that while a divorce court is prohibited from fashioning an award of spousal maintenance containing a provision that the award is not subject to modification, divorcing couples are perfectly free to craft their own agreements—as did the parties in the present case—for an award of maintenance that is not subject to modification.

Furthermore, *Meehan, supra,* only speaks to the modification of *child support* orders, not *spousal support* orders. The *Meehan* decision involving a child support

order and the present case involving a spousal support order are governed by entirely different principles of public policy. We have consistently held that the parent having custody of a child is merely the trustee of the child support payments and has no right to contract away the benefits of the trust in favor of that child. *Pickett v. Pickett* (1984), Ind.App., 470 N.E.2d 751. Similarly, the custodial parent has no right to enter into a agreement regarding child support that contains a nonmodification provision where such a provision could prejudice the right of the child to be supported by its parent.

■ An entirely different principle of public policy is at work in the present case, namely, the freedom to contract. The Indiana Dissolution of Marriage Act, IND. CODE 31–1–11.5–10, expressly encourages settlement agreements. *Smith, supra.* A property settlement agreement which is merged and incorporated into a divorce decree is a binding contract. *Id.* In the past, we have not hesitated to enforce a divorce settlement agreement which would have been in excess of the divorce court's authority had it been crafted by the divorce court and which was shown to be, over time, grossly inequitable. *Id.*

Therefore, we hold that Gene's and Waneta's nonmodifiable agreement for spousal maintenance is binding. The trial court did not err in dismissing Gene's petition for a modification of the agreement.

Dismissal affirmed.

SHIELDS, P.J., concurs.

SULLIVAN, J., concurs with separate opinion.

SULLIVAN, Judge, concurring.

I concur to the extent that the affirmance holds Gene bound to the agreement to "pay for said mortgage on said real estate payable to First Federal Savings and Loan Association of Marion, Indiana, and hold the Wife harmless thereon." This is the

only maintenance or support obligation undertaken in the agreement.

Gene could properly plead and prove a change in circumstances as to the existence or level of incapacitation with regard to any claimed obligation other than the duty to pay the mortgage.