### In re the MARRIAGE OF Mary Ann (Huddleston) LOEB, Appellant–Respondent,

**and**

### Richard E. Huddleston, Appellee–Petitioner.

No. 41A01–9212–CV–424.

Court of Appeals of Indiana, First District.

June 2, 1993.

Franklin I. Miroff, Monty K. Woolsey, Miroff, Cross, Ruppert & Klineman, Indianapolis, for appellant-respondent.

Stephen E. Plopper, Michele J. Calderon, Klineman, Rose, Wolf and Wallack, Indianapolis, for appellee-petitioner.

ROBERTSON, Judge.

Mary Ann Loeb appeals the trial court's refusal to hold her ex-husband, Richard E. Huddleston, in contempt for his failure to pay the child support agreed to under the written settlement agreement merged and incorporated into the decree that dissolved the parties' marriage. We reverse.

### FACTS

The facts in the light most favorable to the trial court's judgment indicate that Richard and Mary Ann were divorced in September of 1986. At that time, the parties' one child, Shannon, was seventeen (17) years old. Under the parties' settlement agreement which was merged and incorporated into the divorce decree, Mary Ann was awarded custody of Shannon and Richard was to pay child support. The pertinent part of the agreement reads as follows:

> The Husband shall pay to the Wife for the benefit of the Child as child sup-

port.... Said sum shall ...; (d) continue for the Child until she reaches the age of twenty-one (21) years or she graduates from an accredited four (4) year under-graduate college, whichever is later to occur or unless she sooner marries, dies or is emancipated, whichever of these events may occur first; ....

In June of 1988, Shannon started with "Project Headstart" at Ball State University in Muncie, Indiana when she was nineteen (19) years old. Shannon was older than the typical college freshman because she had been held back in first grade. Shannon has since been continuously enrolled at Ball State, going Fall, Spring, and Summer sessions. In July of 1992, when the hearing in this matter was held, Shannon was twenty-three (23) years old and was three (3) credits short of graduation. She was expected to graduate in December of 1992, after four and one-half (4½) years of college.

Richard ceased making child support payments to Mary Ann in December of 1991 when Shannon was twenty-three (23) years old. He nevertheless continued to pay his appropriate portion of Shannon's college expenses as provided under a separate provision in the parties' settlement agreement. Richard never petitioned the court to modify the child support award or to find that Shannon had become emancipated. At the hearing in this matter held in July of 1992, Mary Ann requested the trial court to enforce the agreement for child support only through August of 1992 even though Shannon was not expected to graduate from college until December of 1992.

The trial court refused to hold Richard in contempt and denied Mary Ann's request for back child support. The trial court entered the following findings (pertinent part only):

> 2. I.C. 31–1–11.5–12(d) states: 'The duty to support a child under this chapter ceases when the child reaches [sic] the twenty-one (21) years of age ...' Furthermore, the facts of this case do not fit any exception to this statute.

> 3. I.C. 31–1–11.5–10 permits parties to enter into agreements to allow for amicable settlement of dissolutions.

> 4. 'A parent's duty to support a minor child ceases upon the child's twenty-first birthday ...' *Brokaw v. Brokaw* (1980), Ind.App., 398 N.E.2d 1385.

> 5. It would appear to be against public policy to find one in contempt for violation of a settlement agreement which is voidable due to being contrary to the statutory language of this state.

> 6. Moreover, the Court does not find that it was contemplated by the parties that the child would be in school at age 23 or 24 and consequently still be needing support.

Additional facts are supplied as necessary.

## DECISION

In the present case, neither party requested the trial court to enter specific findings of fact pursuant to Ind.Trial Rule 52. However, the trial court did enter findings and/or conclusions. In such a case, a general finding or judgment will control as to issues upon which the trial court has not expressly found, and special findings will control only as to those issues which they cover. *Quebe v. Davis* (1992), Ind., 586 N.E.2d 914. Special findings will be reversed on appeal only if they are clearly erroneous. *Id.* The trial court's factual findings will not be found to be clearly erroneous unless the evidence contains no facts or reasonable inferences supporting the findings. *Wiseman v. Wolfe's Terre Haute Auto Auction, Inc.* (1984), Ind.App., 459 N.E.2d 736. In determining whether the trial court's findings are clearly erroneous, we will not reweigh the evidence nor determine the credibility of the witnesses and will consider only the evidence on record which supports the judgment and the reasonable inferences which can be drawn from that evidence. *American Independent Management Systems, Inc. v. McDaniel* (1982), Ind.App., 443 N.E.2d 98.

The Indiana Dissolution of Marriage Act expressly encourages the resolution of divorcing couples' differences by agreement:

therefore, we favor upholding those agreements. Ind.Code 31–1–11.5–10(a); *Bowman v. Bowman,* (1991), Ind.App., 567 N.E.2d 828; *Smith v. Smith* (1989), Ind. App., 547 N.E.2d 297; *Flora v. Flora* (1975), 166 Ind.App. 620, 337 N.E.2d 846. Divorcing couples have more flexibility in crafting their own divorce decrees than do divorce courts. *Schueneman v. Schueneman* (1992), Ind.App., 591 N.E.2d 603; *Bowman,* 567 N.E.2d 828; *Smith,* 547 N.E.2d 297. In *Bowman,* we held:

> An entirely different principle of public policy is at work in the present case, namely, the freedom to contract. The Indiana Dissolution of Marriage Act, IND.CODE 31–1–11.5–10, expressly encourages settlement agreements. *Smith,* [547 N.E.2d 297]. A property settlement agreement which is merged and incorporated into a divorce decree is a binding contract. *Id.* In the past, we have not hesitated to enforce a [dissolution agreement] which would have been in excess of the divorce court's authority had it been crafted by the divorce court and which was shown to be, over time, grossly inequitable. *Id.*

*Id.* 567 N.E.2d at 828.

■ Divorcing couples are free to agree to the custody and support of their children even though the divorce court may not have the authority to order the parties to do as they agree. *Schueneman,* 591 N.E.2d 603. For example, even though a trial court has no authority to order the noncustodial parent to be responsible for the uninsured medical expenses of his children over the age of twenty-one (21), the noncustodial parent is free to enter into a binding agreement to do so. *Id.*

■ In contract law, the intention of the parties controls decisions regarding the substance of agreements, and that intention is expressed by the clear language of the contract. *McEntire v. Indiana National Bank* (1984), Ind.App., 471 N.E.2d 1216, *trans. denied.* If the contract language is unambiguous, then the construction of the agreement is a question of law for the court. *Id.*

Shannon has not married or died. Moreover, Richard concedes that his obligation to pay child support was not ended by Shannon's "emancipation" before her twenty-first birthday as provided for under the agreement. In his brief, Richard asserts that a parent's general duty to provide support for a child ceases upon 1) the child's emancipation before her twenty-first birthday or 2) upon the child's twenty-first birthday, citing *Brown v. Brown* (1991), Ind.App., 581 N.E.2d 1260. (Richard's brief p. 9.) Richard asserts, as the trial court found, that his obligation to pay child support ended at Shannon's twenty-first birthday by operation of law despite the parties' express agreement that child support would continue until Shannon's graduation from college.

■ In the present case, Richard has never made any assertion that the settlement agreement was ambiguous. Similarly, the trial did not find the settlement agreement to be ambiguous. Nor do we find the agreement to be ambiguous. Under the agreement, unless Shannon were to marry, die, or become emancipated, Richard agreed to pay child support until Shannon reached the age of twenty-one or until she graduated from an accredited four (4) year college program, whichever is later to occur. While the settlement agreement was in excess of what the divorce court could have ordered had it crafted the order itself, it was a binding contract and we are obliged to enforce it. *Schueneman,* 591 N.E.2d 603; *Bowman,* 567 N.E.2d 828; *Smith,* 547 N.E.2d 297. Therefore, the trial court's finding # 5 (set out above) that the settlement agreement was voidable upon Shannon's twenty-first birthday is clearly erroneous.

■ Moreover, the trial court's finding # 2 (set out above), that the facts of this case do not fit any exception to I.C. 31–1–11.5–12(d), is clearly erroneous. While a parent's general duty to support his or her child does end when the child reaches the age of 21, parents are perfectly free to enter into binding agreements to provide for the support of their children past the age of 21. *Schueneman,* 591 N.E.2d 603.

A parent's agreement to pay child support past the child's twenty-first birthday may be considered an exception to I.C. 31–1–11.5–12(d). Again, a divorcing couple is free to agree to the custody and support of their child in excess of what the divorce court could have ordered had it crafted the decree itself; the noncustodial parent is free to enter into a binding agreement to support his child past the age of twenty-one (21). *Id.*

The trial court's finding # 6 (set out above), that the parties did not contemplate that Shannon would still be in college at age 23 or 24, is also clearly erroneous. As noted above, the settlement agreement in the present case is entirely unambiguous. Therefore, the intention of the parties expressed by the clear language of the contract is controlling. *McEntire*, 471 N.E.2d 1216. Additionally, we have examined the entire record and find it devoid of evidence supporting the trial court's finding # 6. There was absolutely no testimony regarding the parties' contemplations at the time of entering into the settlement agreement; Richard did not even appear at the hearing in this matter as he was detained at Laguardia Airport in New York City at the time. As the evidence contains no facts or reasonable inferences supporting the finding, it is clearly erroneous. *Wiseman*, 459 N.E.2d 736. Moreover, the trial court's finding # 6 is against the logic and effect of the facts and circumstances before the trial court. Shannon was seventeen (17) years old when her parents divorced and has been continuously enrolled in school since that time. She was a little older than the typical college freshman when she started college at Ball State in 1988 at age nineteen (19) because she had been held back in first grade. Therefore, it could not have been reasonably contemplated that Shannon could have completed a four-year college program before the end of the 1992 school year when she was twenty-three (23) years old. Although the agreement provided that child support be paid until Shannon graduated from college, Mary Ann asked only that the order be enforced through August of 1992, the month of Shannon's twenty-fourth (24th) birthday.

In his brief, Richard relies on the case of *Altwies v. Altwies* (1986), Ind.App., 495 N.E.2d 542, for the proposition that a general order for child support, entered in addition to a separate order for educational expenses may not be enforced after the child attains the age of twenty-one (21). He argues that since Mary Ann's and his settlement agreement had a separate provision related to the payment of Shannon's college education, the provision for child support under scrutiny may not be continued past Shannon's twenty-first birthday. *Altwies* is inapposite to the case at bar as there is no indication that child support order under scrutiny in that case was entered pursuant to the parties' settlement agreement merged and incorporated into the trial court's order or decree. In *Altwies*, we held:

> The governing principle in this case, however, is that the general duty of support terminated when [the child] reached the age of 21.

*Id.* at 544. The controlling principle in the present case is that we do in fact have a settlement agreement merged and incorporated into the divorce decree which is binding, enforceable, and expressly favored under law. I.C. 31–1–11.5–10(a); *Bowman*, 567 N.E.2d 828; *Smith*, 547 N.E.2d 297; *Flora*, 337 N.E.2d 846. While a parent's general duty to support his or her child does end when the child reaches the age of 21, parents are perfectly free to enter into binding agreements to provide for the support of their children past the age of 21. *Schueneman*, 591 N.E.2d 603.

As noted throughout this opinion, the parties' agreement regarding child support, merged and incorporated into their divorce decree, is binding and enforceable. The non-custodial parent is required to make child support payments in the manner, amount and at the times required by a support order embodied in a dissolution decree, at least until such time as the order is modified or set aside. *Pickett v. Pickett* (1984), Ind.App., 470 N.E.2d 751. A petition to modify a child support order operates only prospectively, and the trial court

may not retroactively reduce or terminate a support order. *Id.*

Although the challenged support order in the present case was subject to modification, *Bowman,* 567 N.E.2d 828, Richard never petitioned the court to modify or terminate it. Therefore, the trial court was without authority to retroactively reduce or terminate Richard's child support obligation. *Pickett,* 470 N.E.2d 751.

At the hearing held in this matter, Mary Ann requested the trial court to enforce the agreement only through August of 1992 even though Shannon had not yet graduated from college. Based on Mary Ann's in-court agreement, we hold that Richard's child support obligation is appropriately terminated at that point. *See Schueneman,* 591 N.E.2d 603 (in-court agreement related to child support enforced). Therefore, we must reverse and remand with instructions that the trial court find Richard in contempt[1] for failing to pay child support as provided under the settlement agreement through August of 1992 and for orders consistent with that finding.

Judgment reversed.

BAKER and NAJAM, JJ., concur.

---

1. It would be fair to observe from the record that Richard has complied with his support obligations and then some. It also appears that the subject matter of this appeal stems from a genuine and legitimate dispute. As a result, the contempt could rightly be considered as de minimis should the trial judge be so inclined.