## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Sep 09 2015, 9:03 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Mark A. Dabrowski
Dabrowski Law Office
Kokomo, Indiana

ATTORNEY FOR APPELLEE

David Rosselot
Rosselot Law Office
Kokomo, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

John Lind,

*Appellant-Petitioner,*

v.

Nancy Lind,

*Appellee-Respondent.*

September 9, 2015

Court of Appeals Case No. 34A02-1412-DR-827

Appeal from the Howard Superior Court

The Honorable Brant J. Parry, Judge

Cause No. 34D02-1205-DR-493

**Najam, Judge.**

## Statement of the Case

[1]  John Lind ("Husband") appeals the trial court's November 6, 2014, order that purported to clarify its June 28, 2013, decree of dissolution. Husband raises a single issue for our review, namely, whether the trial court's November 6, 2014,

order was an impermissible modification of the decree of dissolution. We hold that it was and, as such, we reverse the court's November 6, 2014, order.

## Facts and Procedural History[1]

On June 28, 2013, the trial court entered its decree of dissolution, which dissolved Husband's marriage to Nancy Lind ("Wife"). Among other things, the trial court found and concluded as follows:

> 5. The parties own real estate located at 3803 Albright Rd., Kokomo, IN.
>
> 6. [Husband] is hereby awarded this property as his sole and separate property.
>
> 7. Pursuant to appraisal, the Court finds that[,] at separation, the property had a value of $90,500.00.
>
> 8. There is a mortgage on the property, and[,] at the time of separation, the amount due and owing on this obligation was $78,642.51.
>
> 9. *[Husband] is ordered to attempt to have [Wife's] name removed from the debt through a refinance [of] the home or an assumption [of] the mortgage within 180 days.* The interest rate must be at the prevailing rate at the time or at a rate comparable to the current mortgage's interest rate.

---

[1] Wife's attorney has filed an Appellee's Appendix that is forty-four pages long, excluding only the verification of accuracy and certificate of service page. Despite Appellate Rule 50(A)(3)'s clear instruction that an Appellee's Appendix "shall not contain any materials already contained" in the Appellant's Appendix, Wife's Appendix is in fact *entirely duplicative* of the first forty-four pages of Husband's Appendix. We trust that Wife's attorney did not charge Wife or anyone else for the preparation and submission of her completely unnecessary Appendix.

Appellant's App. at 12 (emphasis added). The court then concluded that an equal division of the marital estate between the parties was just and reasonable. Neither party appealed the decree of dissolution. About six months prior to the court's entry of the dissolution decree, Husband had lost his employment at Delphi Corporation in Kokomo. The trial court was aware of Husband's employment status when it entered the decree of dissolution.

[3] Following the decree of dissolution, on at least four occasions Husband attempted to refinance or assume the mortgage on the martial real property. However, he was unable to do so because of his insufficient income. On February 17, 2014, Wife filed an affidavit of contempt against Husband in relevant part because he had not yet been able to have her name removed from the mortgage on the marital real property.

[4] Thereafter, the trial court held an evidentiary hearing on the Wife's contempt request. Following that hearing, the court entered its "Order Clarifying Decree of Dissolution" ("the November 6, 2014, order"), which provided:

> After hearing evidence concerning the refinance of the martial real estate, the Court did not find [Husband] in contempt. However, the Court took the matter under advisement regarding modifying or clarifying the Decree as to the debt on the property. Being duly advised, the Court now FINDS and Orders as follows:

* * *

4.     [Husband] has attempted to refinance or assume the mortgage[] but has been denied by four (4) different banking institutions. Each of the denials has indicated that the reason for the denial is insufficient income for the amount of credit requested.

* * *

6.     A court may retain jurisdiction to interpret the terms of its decree and decide questions pertaining to the enforcement of the Decree. *Fackler v. Powell*, 839 N.E.2d 165, 169 (Ind. 2005).

7.     With the Decree of Dissolution, the Court's intent was to award [Husband] 100% of the equity in the real estate while at the same time removing [Wife's] name and obligation from the debt on the real estate.

8.     *The Court now orders [Husband] to refinance or assume the mortgage and have [Wife's] name removed from the debt within the next 180 days. If [Husband] is unable to refinance or assume the mortgage in that time period, [Husband] is ordered to list the home for sale.* [Husband] may list the home with a realtor of his choosing. [Husband] shall list the property at a price commensurate with comparable home sales in the area, after consultation with the realtor. Upon the sale [of] the home, [Husband] shall retain 100% of the proceeds as indicated in the Decree.

9.     The Court finds this order is a clarification of the court's intent stated in the Decree. This order does not award more or less property to either party. It has no effect on the division of property. It does not schedule a new obligation or indebtedness. Rather, this order speaks to an existing obligation of [Husband]: to remove [Wife's] name from the debt associated with the real estate.

*Id.* at 43-44 (emphasis added). The court stayed the November 6, 2014, order, and this appeal ensued.

## Discussion and Decision

Husband contends that the November 6, 2014, order is an impermissible modification of the decree of dissolution. As our supreme court has explained:

This law starts with direction given to us by the Legislature:

> The disposition of property settled by an agreement [in writing between the parties to a marriage dissolution providing for the disposition of any property owned by either or both of them] and incorporated and merged into the decree is not subject to subsequent modification by the court, except as the agreement prescribes or the parties subsequently consent.

Ind. Code § 31-15-2-17(c) (2008).

In fact, the Legislature has prohibited the revocation or modification of all court orders concerning property disposition, not only those (like the one at issue in this case) entered by agreement of the parties:

> The orders concerning property disposition entered under this chapter [of the Indiana Code governing the disposition of property and maintenance] (or IC 31-1-11.5-9 before its repeal) may not be revoked or modified, except in case of fraud.

I.C. § 31-15-7-9.1(a).

Our decisions have made clear that the statutory proscription on revocation and modification of property-distribution agreements is "unambiguous." *Voigt v. Voigt*, 670 N.E.2d 1271, 1278 (Ind. 1996).

Our most recent opinion enunciating this principle was *Johnson v. Johnson*, where Chief Justice Shepard, writing for a unanimous court, flatly stated that the statutes set forth above require that "property distribution settlements approved as part of a dissolution may be modified only where both parties consent or where there is fraud, undue influence, or duress." 920 N.E.2d 253, 258 (Ind. 2010) (citations omitted).

Another unanimous opinion written by Chief Justice Shepard emphasized that the statutory no-modification rule is grounded in contract law:

> An agreement for division of property is economic in nature—an ordinary contract. *See Bowman v. Bowman*, 567 N.E.2d 828 (Ind. Ct. App.1991). . . . As with other contracts, a division of property may only be modified according to the terms of the agreement, if the parties' [sic] consent, or if fraud or duress occurs. [I.C.] §§ 31-15-2-17(c), -7-9.1.

*Snow v. England*, 862 N.E.2d 664, 668 (Ind. 2007).

\* \* \*

That a court has no authority to modify a property-settlement agreement, I.C. § 31-15-2-17(c) (or, for that matter, a property-division order, I.C. § 31-15-7-9.1(a)), does not mean that a court has no authority to resolve a dispute over the interpretation of a settlement agreement or property-division order.

This is a significant gloss to the analysis set forth . . . *supra*, for one party's assertion that the other is seeking an impermissible

modification is frequently met with the contention that only clarification of an agreement or order is sought. . . .

* * *

When a party asks a court to clarify a settlement agreement, the court's task is one of contract interpretation. This is because settlement agreements are contractual in nature and binding if approved by the trial court. *Myers v. Myers*, 560 N.E.2d 39, 42, 44 (Ind. 1990); *accord Snow*, 862 N.E.2d at 668; *Voigt*, 670 N.E.2d at 1278. As such, a settlement agreement is "interpreted according to the general rules for contract construction." *Bailey v. Mann*, 895 N.E.2d 1215, 1217 (Ind. 2008) (citations omitted).

* * *

[T]here is a plethora of Court of Appeals authority providing that general rules applicable to construction of contracts govern construction of marriage-settlement agreements. This principle was enunciated by our colleagues as early as *Higgins v. St. Joseph Loan & Trust Co. of South Bend*, 98 Ind. App. 674, 677, 186 N.E. 910, 912 (1933) (en banc), *trans. denied*, and has been regularly deployed in recent years. One frequently quoted passage provides:

> When interpreting these agreements, we apply the general rules applicable to the construction of contracts. That is, unless the terms of the contract are ambiguous, they will be given their plain and ordinary meaning. Clear and unambiguous terms in the contract are deemed conclusive, and when they are present we will not construe the contract or look to extrinsic evidence[] but will merely apply the contractual provisions.

*Shorter v. Shorter*, 851 N.E.2d 378, 383 (Ind. Ct. App. 2006) (internal citations omitted).

*Ryan v. Ryan*, 972 N.E.2d 359, 361-64 (Ind. 2012) (footnotes omitted) (alterations and some omissions original).

[6] Here, Husband contends that the trial court's November 6, 2014, order is an impermissible modification of the decree of dissolution. Wife responds that the November 6, 2014, order merely clarified the terms of the decree. As this dispute requires us to interpret the decree of dissolution, our standard of review is de novo. *See id.* at 363-64; *see, e.g.*, *Bd. of Comm'rs of Cnty. of Jefferson v. Teton Corp.*, 30 N.E.3d 711, 713 (Ind. 2015).

[7] In *Ryan*, our supreme court addressed whether a trial court order issued subsequent to the parties' settlement agreement was a modification or a clarification of that agreement. The parties' original agreement required them to sell two properties they owned and to divide the proceeds, "subject to a proviso that neither party was required to accept a sale yielding net proceeds below specified minimums." *Ryan*, 972 N.E.2d at 360. Thereafter, the 2008 recession occurred and the properties could not be sold at or above the specified minimums. As such, the husband moved the trial court to order the properties to be sold at the prevailing fair market value. The trial court denied the motion and, on appeal, our supreme court affirmed.

[8] In rejecting the husband's argument that his motion was merely a request to clarify the parties' original agreement, our supreme court concluded that there was "no ambiguity in the language of the parties' agreement that would permit

us to conclude as a matter of contract law that [the wife] is bound to agree to sales prices for the properties . . . less than those stated in the agreement." *Id.* at 364-65. The court added that the husband's motion, "in point of fact, . . . d[id] seek modification" of the original agreement. *Id.* at 365.

[9] *Ryan* controls the outcome in the instant appeal. Here, again, the decree of dissolution imposed, in relevant part, the following obligation on Husband with respect to the marital real property: "[Husband] is ordered to attempt to have [Wife's] name removed from the debt through a refinance [of] the home or an assumption [of] the mortgage within 180 days." Appellant's App. at 12. That language is unambiguous. Indeed, in the November 6, 2014, order, the court found that Husband had fully complied with that obligation when he "attempted to refinance or assume the mortgage[] but has been denied by four (4) different banking institutions." *Id.* at 43.

[10] Despite finding that Husband had complied with the unambiguous obligation imposed on him in the decree of dissolution, the court nonetheless imposed two new obligations on Husband in its November 6, 2014, order. First, the court ordered Husband to "refinance or assume the mortgage and have [Wife's] name removed from the debt within the next 180 days." *Id.* at 44. Again, in the original decree, the court had ordered Husband to "attempt" to refinance or assume the mortgage, which he did. *Id.* at 12. In the subsequent, November 6, 2014, order, however, the court simply ordered Husband to refinance or assume the mortgage. That was a new obligation. *Ryan*, 972 N.E.2d at 361-64.

[11]     In addition, the court ordered Husband to "list the home for sale" if he was "unable to refinance or assume the mortgage in that time period." Appellant's App. at 44. That also was a wholly new obligation on Husband and was a clear modification of the original decree. Neither of the new obligations is permissible. *Ryan*, 972 N.E.2d at 361-64.

[12]     Wife's argument on appeal in support of the November 6, 2014, order is not entirely clear. As near as we can tell, she asserts that the trial court believed that the November 6, 2014, order merely clarified the decree of dissolution and that we should defer to the trial court's assessment. But this argument ignores our supreme court's clear explanation in *Ryan* that a decree of dissolution is in the nature of a contract. *Id.* at 361-62 (quoting I.C. § 31-15-2-17(c)). And this court employs de novo review in the interpretation of contracts. *See, e.g.*, *Teton Corp.*, 30 N.E.3d at 713. Accordingly, Wife's argument on appeal must fail.

[13]     Finally, we note that Wife did not appeal the decree of dissolution, and neither she nor the trial court suggested that the November 6, 2014, order was necessary to resolve an ambiguity between the Husband's obligations in the decree and the decree's distribution of the marital assets and liabilities. As such, that potential issue is not before us.

[14]     We hold that the November 6, 2014, order impermissibly modified the decree of dissolution. While the new obligations contained in the November 6, 2014, order might well have been appropriate had they been part of the original

decree of dissolution, they cannot stand as subsequent modifications of that decree. As such, the November 6, 2014, order is reversed.

[15] Reversed.

Kirsch, J., and Barnes, J., concur.