SALLY DESNOYER *vs.* MARY JORDAN and others.

December 15, 1882.

**Antenuptial Contract—Statutory Allowance to Widow during Administration.**—In May, 1873, Stephen Desnoyer and Sally Desnoyer entered into an antenuptial contract, whereby, in consideration of the contemplated marriage, he granted to her, among other things, an annuity of $500 per annum during the term of her natural life, which was made a charge upon his "estate and lands," and, in consideration thereof, she released all her right of dower, and all her interest or claim of any kind in his estate, except as to the provisions made for her as aforesaid. After their marriage Stephen died intestate, leaving Sally, his widow, surviving him. The probate court, upon petition of the widow, made an allowance to her of $50 per month for her maintenance during the settlement of the estate, pursuant to the provisions of Gen. St. 1878, c. 51, § 1. No exception was ever taken to this order, and this allowance was paid by the administrator during the settlement of the estate, without objection from any one; and his accounts showing such payment were approved and allowed by the probate court, and no appeal was ever taken from such action of the court. *Held,* that these payments, having been made and received as a special allowance under the statute, cannot now be applied as payments upon the widow's annuity under the antenuptial contract. It is wholly immaterial that, according to the terms of this contract, she may not have been entitled to any allowance under the statute. If the order of the court in that regard was erroneous, the remedy of the heirs was by appeal to the district court, or by application to the probate court to have the order revoked.

**Same—Assignment of Real Estate to Heirs Subject to Charge Created thereby.**—*Held, also,* that it was competent for the probate court to make a decree assigning the real estate to the heirs, subject to the charge of the annuity to the widow, and such court was not required to retain control and custody of such real estate during the life of the widow for the purpose of raising funds with which to pay the successive instalments of the annuity as they might become due; that the whole real estate being charged with the payment of this annuity, it was just as accessible for such purpose in the hands of the heirs as in the hands of the administrator, and hence the decree assigning the property to the heirs in no way prejudiced the rights of the widow.

Appeal by defendants from a judgment of the district court for Ramsey county, *Brill*, J., presiding, reversing, in part, a judgment of the probate court.

*R. B. Galusha*, for appellants.

*S. L. Pierce*, for respondent.

MITCHELL, J. In May, 1873, Stephen Desnoyer and one Sally Johnson, now Sally Desnoyer, entered into an antenuptial contract, whereby, in consideration of their contemplated marriage, said Stephen granted to said Sally, among other things, an annuity of $500 during the term of her natural life, which was made "*a charge upon his estate and lands.*" In consideration thereof she released all her right of dower, and all her interest or claim of any kind in and to his estate, except as to the provisions made for her in this antenuptial contract. This contract has been held valid by this court. *Desnoyer* v. *Jordan*, 27 Minn. 295. They subsequently intermarried, and Stephen died intestate, December 3, 1877; Sally, his widow, surviving him. After the appointment of an administrator of the estate, upon petition of the widow, the probate court made an order making an allowance of $600 a year, or $50 a month, under the provisions of Gen. St. 1878, *c.* 51, § 1, for her maintenance during the settlement of the estate, as the time for such settlement was then limited by order of the court, or might be extended by future order.

The time for settlement of the estate was originally fixed at one year from January 9, 1878, but was afterwards extended to July 9, 1879. The order making this allowance was never objected to or appealed from. The administrator paid the widow this allowance up to September 6, 1881, the date of the final settlement of the estate and of the decree of distribution hereinafter referred to, and made a report of such payments to the court, and his accounts were approved and allowed. To the allowing of these accounts no objection was ever made, and no appeal taken from the action of the court in that regard. The estate having been fully settled and administered, unless otherwise by reason of the non-payment of this annuity, the probate court, on the sixth of September, 1881, made a final order of distribution, by which the administrator was directed to retain the personal property—some $3,000 in money—and apply the same

in the payment of the annuity to the widow, commencing, as we construe the order, from the date of the decree, and not from the death of the intestate. The order then assigned all the real estate to the heirs, subject to the charge of the annuity to the widow. The widow having appealed from this order, the district court directed the payment to her, out of the personal property, of the sum of $2,000, the full amount of the annuity then due, reckoning from the death of her husband, December 3, 1877, and reversed the action of the probate court in assigning the real estate to the heirs, subject to the annuity. From this action of the district court the heirs take this appeal.

1. The first question presented is, how much was due the widow on her annuity? Both parties concede that the annuity commenced upon the death of the husband, but the heirs claim that, under the terms of the antenuptial contract, she was not entitled to any allowance under the statute for her maintenance during the settlement of the estate, and therefore all sums paid her on that account should now be charged to her as payment upon the annuity. In our opinion this cannot be done. This money was neither paid nor received on account of the annuity, but as an allowance under the statute. Having been voluntarily paid and received for one purpose, the intentions of the parties cannot now be ignored, and the money applied upon an entirely distinct claim or debt. It is wholly immaterial whether or not the widow was entitled to any such allowance. The money was paid under an order of court, and, if such order was erroneous, the remedy was by appeal, or by application to the probate court to revoke its order. This not having been done, the matter is now *res adjudicata* between the parties. Neither is it important that the payment of this allowance was continued beyond the time formally fixed by the order of the court for the settlement of the estate. These payments were continued without objection, and included in the accounts of the administrator, which were allowed and approved by the court also without objection. The district court was therefore right in holding that the widow was entitled to be paid the full amount of this annuity from the death of her husband without deduction. Of course, one or more instalments of this annuity have

become due since the date of this appeal, which might now be included in the amount due her, if there be money enough for that purpose.

2. The second question is, had the probate court the right to assign the real estate to the heirs, subject to the charge of this annuity, without providing for the payment of future instalments thereof to become due? We think it had. The uncertainty as to the amount that might be required for that purpose renders it impracticable to adopt the suggestion of the appellants, that a fund might be raised for that purpose through the intervention of a trustee, even if it be admitted that a probate court has power to resort to such methods. The same objection could be urged against setting aside a part of the real estate for the payment of the annuity, and assigning the remainder to the heirs free of any charge. To this plan might be urged the further objection that it would be in violation of the contract right of the widow. If, then, the action of the probate court is not sustainable, the only alternative would be for the administrator and the probate court to retain control of the entire estate until fully discharged of the annuity by the death of the widow. And this is, in substance, the position of her counsel.

. For this we can see no necessity or right. The annuity is a charge or incumbrance which binds the whole estate, and is just as capable of being enforced against it, and collected out of it, in the hands of the heirs as in the hands of the administrator. The order assigning the property in no way prejudices the rights or remedies of the widow, nor do we think it any part of the duty of the probate court to retain control of the property merely for the purpose of raising funds out of it for the payment of the annuity, any more than it would be to retain mortgaged real estate merely for the purpose of realizing funds out of it to pay the mortgage. If an instalment of the annuity is not promptly paid, the district court has ample powers to enforce its payment out of the property, and we see no special force in the suggestion that such proceedings would be tedious or expensive. There would be no necessity for resorting to a new and independent action in case of each successive default. The powers of that court are ample, and sufficiently flexible and elastic in their exercise, to enable

it to make a decree providing not only for the sale of sufficient property to pay the amount then due, but also, in case of any subsequent default, for the sale, in such contingency, under the same decree, of sufficient property to pay such future instalments as often as default might be made. And if it should be made to appear that, on account of waste or other cause, there was danger that the entire property might not prove sufficient to pay the annuity during the probable life of the widow, the court could doubtless appoint a receiver to take charge of the property, and collect the rents and profits.

Our conclusion, therefore, is that the action of the probate court in assigning the real estate to the heirs, subject to the charge of the annuity, was correct, and, under the circumstances, the very best thing to be done. It is therefore ordered that the judgment appealed from, in so far as it reverses the decree of the probate court assigning the real estate to the heirs, be reversed, but in all other things affirmed, and that the cause be remanded with instructions to enter judgment in accordance with this opinion.