HUNTER V. HUNTER

[No. 17,771. Filed November 19, 1948.]

*Warren W. Martin* and *W. D. Hardy,* both of Evansville, attorneys for appellant.

*Philip C. Gould* and *Ben J. Biederwolf,* both of Evansville, attorneys for appellee.

CRUMPACKER, J.—By this appeal the appellant seeks to reverse a decree of the Warrick Circuit Court whereby the appellee was granted a divorce from him and was adjudged to be the owner in fee simple of certain real estate in the city of Evansville, Indiana, which for approximately two years prior to such decree had belonged to the parties as tenants by the entireties. The appellant insists that this decree is neither supported by sufficient evidence nor in accordance with the law.

The appellee and the appellant were, respectively, plaintiff and defendant below and, being husband and wife, each sought a divorce from the other by complaint and cross-complaint based on alleged cruel and inhuman treatment. The evidence is conflicting and the trial court chose to accept the appellee's version of the marital difficulties between the parties and its finding on the issue of cruel and inhuman treatment is warranted. The appellant makes no serious contention to the contrary and therefore a recital of the evidence bearing on the question of cruel and inhuman treatment and the propriety of a decree of divorce would serve no material purpose. The real controversy between the parties revolves around the action of the court in adjudging the appellee to be the owner in fee simple of the real estate above mentioned which consists of two lots in the city of Evansville improved with a nine-room house with three baths and a four-car garage. At the time of her marriage to the appellant on November 6, 1943, this property belonged to the appellee in fee simple subject to a mortgage of approximately $2,800. From the time she went into possession on October 4, 1938, the appellee had used the property as a rooming house and from the rentals so acquired she supported herself, paid taxes and interest on the mortgage indebtedness, and reduced the principal thereof in substantial amounts from time to time. On March 2, 1944, four months after her marriage, the appellee conveyed the property to a trustee who, on the same day, reconveyed the same to the appellant and appellee, "husband and wife, as tenants by the entireties." The appellant contends that these conveyances were in performance of an ante-nuptial contract between the appellee and

him whereby she agreed to create, after their marriage, an entireties estate in the property involved and to pay him one-half the net proceeds gained through her rooming house operations and he, in turn, agreed to pay her one-half of his wages in current employment each week. This contention is supported by his own testimony and corroborated to some extent by the undisputed fact that beginning in November, 1943, the appellee made monthly payments, up to the date of their separation in August, 1945, with the exception of four months when there was no net income from the property by reason of taxes due and repairs to the house. Under these circumstances, the appellant insists, it was the court's duty on decreeing a divorce, to keep its hands off the entireties property and let the law take its course, whereby he would have become the owner of an undivided one-half thereof as a tenant in common with the appellee.

On the other hand the appellee contends that there was no such ante-nuptial agreement and that the matter was never mentioned before marriage but immediately thereafter the appellant began to insist on such an arrangement and by reason of his continual coercive and abusive conduct she finally succumbed to his persistence and determination and, with her will totally broken, she created the entireties estate in controversy "to get peace of mind and maintain our marriage." On cross-examination, however, the appellee testified to an agreement much the same as that claimed by the appellant but insists that it was not made until after their marriage and that the appellant refused to work on the false pretense that he was sick and unable to do so. "Our major difference," according to the appellee, "was that I insisted that he get out and get more work and he insisted according to his agree-

ment to have half the net income of the house" without making any effort to carry out his part of the bargain.

It seems to us that, under this state of the record, it was a question of fact as to whether the entireties estate, upon which the appellant relies, came into existence through the acts of the appellee while under duress, or as a step in the performance of a marriage settlement, and if the latter, whether the appellant performed his part of the contract. Obviously the court found that the appellant obtained his interest in the real estate involved through duress or that the consideration for the marriage settlement failed. Either finding is supported by evidence and is beyond our reach.

The appellant questions the jurisdiction of the court, in a divorce case, to set aside a deed creating an estate by the entireties in the parties, especially when the reason for so doing is outside the issues. The issue involving an ante-nuptial contract and its performance was brought into this case by the appellant on his cross-complaint. An allegation of duress is specifically laid in the appellee's complaint in that the appellant is charged with having married her with the purpose of securing an interest in said real estate by coercion and force and then follows such allegation a recital of facts constituting such coercion. As to the court's jurisdiction to render a decree divesting the appellant of his interest in property held by his wife and him as tenants by the entireties at the time of the divorce, we think it is generally recognized by our courts that where a husband proves recreant to his marriage obligations and has thereby destroyed the marital union, the court granting the divorce has discretionary power to allot to the injured wife such part of the property she has settled upon him as is just

and equitable under all the circumstances, provided that such a decree is within the issues. *Mendenhall* v. *Mendenhall* (1946), 116 Ind. App. 545, 64 N. E. 2d 806, and cases cited. In all cases involving marriage settlements equity has power to grant such relief as may be proper under the particular circumstances. 41 C. J S., Husband and Wife, § 117; *Desnoyer* v. *Jordan* (1882), 30 Minn. 80, 14 N. W. 259; 30 C. J. 665, n. 90.

We find no error and judgment is affirmed.

NOTE.—Reported in 82 N. E. 2d 272.