**In re the Marriage of Robert E. DeVOE, Appellant (Respondent Below),**

v.

**Elizabeth Ann DeVOE, Appellee (Petitioner Below).**

No. 18A02–8712–CV–525.

Court of Appeals of Indiana, Second District.

Dec. 20, 1988.

Wilson S. Stober, David A. Delman, Baker & Daniels, Indianapolis, for appellant.

Charles R. Clark, Beasley Gilkison Retherford Buckles & Clark, Muncie, for appellee.

SHIELDS, Presiding Judge.

Robert DeVoe appeals the trial court's dismissal of his petition requesting clarification and modification of the decree dissolving his marriage to Elizabeth Ann DeVoe.

We reverse and remand to the trial court for proceedings consistent with this opinion.

FACTS

On October 18, 1982, Elizabeth Ann DeVoe petitioned to dissolve her marriage to Robert DeVoe. A hearing on the petition was held on December 23, 1982. The court's docket entry for that date contains the notation "Respondent called and defaulted." Record at 11. That same day, the court entered its decree of dissolution.

The decree awards custody of the couple's minor son to Elizabeth, divides the couple's personal property, and requires Robert to give Elizabeth one-third of any inheritance he might receive from his mother. The decree, as it appears in the order book, also provides:

It is further ordered, adjudged and decreed by the Court that the parties have incurred together joint debts and obligations which include, but are not limited to, obligations to Ball Stores, Ayres, Visa, Amoco, Blocks, Sears, J.C. Penney, American Express, and the mortgage on the residential real estate of the parties, and that each of them have an obligation to support, maintain and educate their minor son, the sum of $800.00 a month for every month, except the months of August and September, during the year 1983 and all subsequent years until terminated as herein provided. Petitioner shall receive such monthly payments so to be made by respondent to assist her in the support and maintenance of the minor son, in making the mortgage payment, payments for taxes and insurance, and for payments of the debts and obligations incurred by the parties, and that such sums shall continue to be paid by the respondent until the death of either party, the total disability of the respondent, or until the retirement of such respondent, whichever shall first occur, at which time such payments shall terminate. Such payments are in the nature of a property settlement, and such payments are not to be deductible for income tax purposes by the respondent, nor taxable to the petitioner.

Record at 19–20.

On March 10, 1987, Robert petitioned to interpret and clarify the dissolution decree and to modify and terminate monthly payments. Robert's petition alleges that he was unrepresented, did not appear at the dissolution proceeding, and was accordingly defaulted; that he has complied with the terms of the decree; that the couple's minor son has attained the age of majority, and finally, that

[t]he $800 monthly payments cannot be property settlement because they are not in a determinable amount, but rather are open-ended periodic payments. Even if the $800.00 monthly payments somehow in part constitute maintenance, there has

been a substantial and continuing change of circumstance making the terms of the order unreasonable.

Record at 28.

The trial court heard oral arguments of counsel wherein both agreed that the threshold issue was whether the court had jurisdiction to clarify and modify the order awarding monthly payments to Elizabeth. Thus, without receiving evidence on the merits of Robert's petition, the trial court dismissed it, stating the following conclusions of law:

1. That a default judgment, granting a dissolution of marriage, was entered by this Court on the 23rd day of December 1982.

2. That Respondent's Petition, while in form requests this Court to interpret and clarify and then to modify and terminate monthly payments, in fact requires the Court to set aside a default judgment.

3. That the jurisdiction of this Court in setting aside a default judgment is founded on the provisions of Trial Rule 55(C) which refers to Trial Rule 60(B).

4. That Respondent's petition does not allege any fact that would have application under Trial Rule 60(B)(5), (6), (7) or (8).

5. That more than one year has passed since the default judgment was entered herein and therefore Respondent's petition cannot be sustained under the provisions of Trial Rule 60(B)(1), (2), (3) or (4).

6. That petitioner has failed to allege any matter giving the Court jurisdiction to set aside the default judgment.

Record at 61.

### ISSUE

Whether the trial court erred in concluding Robert's petition was a request to set aside a default judgment.[1]

---

**1.** We do not reach other questions presented as the trial court did not receive evidence on the merits of Robert's petition but dismissed it, in effect, for failure to state a claim upon which relief could be granted.

## DISCUSSION

The trial court erroneously concluded Robert's petition seeks to set aside a default judgment.

Robert's petition requests clarification and then modification, if appropriate, of that part of the 1982 dissolution decree in which the trial court ordered Elizabeth to receive monthly payments of $800.00. The decree requires payment until "the death of either party, the total disability of the respondent, or until the retirement of the respondent, whichever shall first occur...." Record at 19–20. Although the payments are conditional and, therefore, of indefinite duration, the decree recites that they are "in the nature of a property settlement." Record at 19–20. Apparently, the conclusions of law reached by the trial court are based upon the assumption these payments constitute a property settlement as a matter of law and thus are not subject to modification (except for fraud, IC 31–1–11.5–17(b) (1988)),[2] or collateral attack.

■ The label attached to these payments is not dispositive of their true nature. *See In re Marriage of Buntin* (1986), Ind.App., 496 N.E.2d 1351, *transfer denied; Hicks v. Fielman* (1981), Ind.App., 421 N.E.2d 716; *Wilhelm v. Wilhelm* (1979), Ind.App., 397 N.E.2d 1079. As a matter of law the payments awarded by the decree cannot constitute a division of property because they terminate upon the changes in circumstances (such as the retirement of the respondent) listed in the dissolution decree. A distribution of property may not be conditional upon a change in circumstances. *Pfenninger v. Pfenninger* (1984), Ind.App., 463 N.E.2d 1115, 1120 (citing *Whaley v. Whaley* (1982), Ind. App., 436 N.E.2d 816).

The language of the decree which requires monthly payments of $800.00 to Elizabeth is ambiguous by its reference to the debts incurred by the parties and to the parties' obligation to support their minor child. However, because the payments cannot constitute a property settlement, they are subject to modification under IC 31–1–11.5–17(a) (1988)[3] as either maintenance, child support, or a combination of the two. Further, the trial court has jurisdiction to clarify its decree. *Brownsing v. Brownsing* (1987), Ind.App., 512 N.E.2d 878, *transfer denied.*

■ Elizabeth cites IC 31–1–11.5–10(c) (1988)[4] in support of her contention that the payments are not subject to modification because they were provided for by agreement of the parties. First, the court's order book entry containing the terms of the decree do not state the payments are based upon agreement of the parties; however, even if these payments were ordered pursuant to such an agreement, Elizabeth's contention is unavailing. Provisions for maintenance and support are subject to modification whether entered pursuant to a settlement agreement or upon decree of the court. IC 31–1–11.5–10(c) applies only to property settlements. *Meehan v. Meehan,* (1981), Ind., 425 N.E.2d 157, 160; *Pfenninger,* 463 N.E.2d at 1121.

Therefore, inasmuch as Robert's petition, as a matter of law, requests clarification of an ambiguous order of either support, maintenance, or both, and modification based upon the changed circumstances he alleges, the trial court's conclusion that his petition was one to set aside a default judgment is erroneous. The cause is reversed and remanded for proceedings consistent with this opinion.

SULLIVAN and STATON, JJ., concur.

---

**2.** "The orders as to property division ... may not be revoked or modified; except in case of fraud ..."

**3.** "Provisions of an order with respect to child support or an order for maintenance ... may be modified or revoked. Such modification shall be made only upon a showing of changed cir-

cumstances so substantial and continuing as to make the terms unreasonable."

**4.** "The disposition of property settled by such an agreement ... shall not be subject to subsequent modification by the court except as the agreement itself may prescribe or the parties may subsequently consent."