**Harry V. BAKER, Appellant
(Petitioner below),**

v.

**Martha J. BAKER, Appellee
(Respondent below).**

No. 03A01–8910–CV–399.

Court of Appeals of Indiana,
First District.

April 12, 1990.

C. Richard Marshall, Marshall, Thomasson & Garber, Columbus, for appellant.

Robert L. Dalmbert, Dalmbert, Marshall & Perkins, Columbus, for appellee.

ROBERTSON, Judge.

Appellant-petitioner Harry Baker appeals the trial court's order denying his petition to modify maintenance payments to his former wife, appellee-respondent Martha Baker.

We affirm.

In December, 1984, the marriage of Harry and Martha Baker was dissolved. Pursuant to their agreement, the decree provided that Harry would pay to Martha $60 per week "alimony" which would terminate upon Martha's death, Harry's death, or Martha's remarriage. It also provided that the payments would be deductible on Harry's federal income tax return, and would represent income to Martha.

On February 1, 1989, Harry filed a petition to modify the decree, in which he alleged a significant and substantial change of circumstances which warranted cessation of the maintenance payments. After an evidentiary hearing, the court issued findings in which it found that the payments were in the form of maintenance (rather than property division), and were

subject to modification. The court also found that Harry's income had decreased from $42,430 in 1984 to $18,006 in 1989, due to his early retirement. Martha's income had increased from 1984's zero income to $8,000 in 1989. Nevertheless, the court determined that, while there had been a substantial change of circumstances since the date of the last order, the change did not make the previous order unreasonable because Harry's early retirement and concomitant decrease in his income was his voluntary act. Harry perfected this appeal.

Harry raised a single issue for our review: whether the trial court erred in denying Harry's petition to modify the decree for maintenance.

At trial, the parties raised an issue concerning whether the following provision in the decree was one for maintenance or for property division:

> 7. Husband further agrees to pay to Wife as alimony the sum of $60.00 per week which payment shall terminate upon the occurrence of one of the following events: (a) the death of Husband, or (b) the death of Wife or (c) the remarriage of Wife.

The evidence showed Harry had agreed to pay Martha $60 per week because she suffered from arthritis which impaired, to some unspecified extent, her ability to work. Because the parties tendered their property settlement agreement to the court, there was no evidence offered at the dissolution of Martha's physical incapacity, as would have been required had no agreement been reached on maintenance and the court would have been left with the decision. *See* IND.CODE 31–1–11.5–11(e).

The settlement agreement also set out the disposition of the parties' property. It omitted reference to, or disposition of, Harry's vested pension benefits. At trial, Martha challenged Harry's modification petition by arguing that paragraph 7 was in the nature of property settlement, given the failure of the agreement to include Harry's pension plan. She also asserted that the provision 7 was fashioned as maintenance only so that Harry could take advantage of federal tax law giving Harry a deduction if the periodic payments are maintenance. Harry disputed that provision 7 took the form of a division of his pension benefits.

Harry has no quarrel with the court's finding that the periodic payments are maintenance and thus modifiable, but he takes issue with the court's conclusion that modification was not indicated, when the court failed to find Martha's continued incapacity.

▪ Parties may enter into an agreement for maintenance without a finding of incapacity. *Pfenninger v. Pfenninger* (1984), Ind.App., 463 N.E.2d 1115. Such agreements are not limited to circumstances of financial or physical incapacity. The parties are thus given the freedom to make continuing financial arrangements in a spirit of amicability and conciliation. Such agreements are binding on the parties if approved by the court. *Id.*

▪ Under the authority of *Pfenninger*, we hold that the trial court correctly determined the periodic payments to be maintenance rather than property settlement. Because the property settlement agreement did not disclose the value of the couple's property, it is impossible to determine whether the payments can be satisfied from marital property or whether they would likely come from future income, the latter a factor which would normally favor a finding of maintenance. *Pfenninger, id.* Also, Harry and Martha's testimony as to their intent in fashioning the alimony agreement was conflicting, and hence a matter for the trial court to resolve. However, the dispositive factor here is the payments' being conditioned upon the parties' change of circumstances: either party's death or Martha's remarriage. *DeVoe v. DeVoe* (1988), Ind.App., 531 N.E.2d 1200. Moreover, the parties treated the payments as maintenance for federal income tax purposes. *See Hicks v. Fielman* (1981), Ind. App., 421 N.E.2d 716.

▪ Having held that item 7 in the dissolution decree is for maintenance, we also determine it is subject to modification,

even though it is based on the parties' agreement. *Pfenninger, supra; DeVoe, supra.* In seeking modification of the decree, Harry had the burden of showing "changed circumstances so substantial and continuing as to make the terms unreasonable." I.C. 31–1–11.5–17(a); *Farthing v. Farthing* (1978), 178 Ind.App. 336, 382 N.E.2d 941, 944. Hence, the trial court's finding that the changed circumstances do not make the previous order unreasonable is a negative judgment, and such judgment will only be reversed if the evidence is without conflict and can lead only to a conclusion contrary to that of the trial court's. *Id.,* 382 N.E.2d at 944.

 Harry contends that, in absence of a finding that Martha is still incapacitated, the trial court could not have continued maintenance. However, Harry cites no authority for his proposition that maintenance payments provided by agreement, although subject to modification, must necessarily be based on a finding of a spouse's continued incapacity. After all, the trial court was not required to find Martha was incapacitated in the original decree and in fact made no such finding. *See Pfenninger,* 463 N.E.2d at 1119. The decree itself does not speak to the reason for the "alimony payments." The record of the dissolution discloses Harry agreed to pay Martha $60 per week because of her arthritic condition, with no evidence presented on how her condition affected her ability to earn a living. Hence, while the trial court could have found that Martha's employment at $8,000 per year represented a substantial and continuing change of circumstances making the previous order unreasonable, it did not have to, in its sound discretion. Harry's complaint that the trial court in its order ignored the issue of Martha's condition and concentrated on the diminution in his income due to retirement, ignores the fact that Harry made his loss of income an issue in the modification hearing. It was Harry's burden in the modification hearing to establish the factors from which the court could have found that a substantial and continuing change of circumstances made the previous order unreasonable. *Farthing, supra.* Thus, it was not Mar-

tha's burden to establish her continued incapacity, and Harry therefore cannot complain that there was no evidence establishing such incapacity. Because Harry has not demonstrated error, we must affirm.

Judgment affirmed.

CHEZEM, P.J., and BAKER, J., concur.